# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., <br><br> Plaintiff, <br><br> v. <br><br> REDDY, et al., <br><br> Defendants. | No. 2:17-cv-1434-EFB P <br><br><br> ORDER |

Plaintiff is a state prisoner proceeding pro se with an action brought pursuant to 42 U.S.C. § 1983.[1] In addition to filing three complaints (ECF Nos. 1, 10, 12), he has also filed applications for leave to proceed in forma pauperis (ECF Nos. 7, 11), which collectively the court treats as a single application. As discussed below, the application is granted but the action must be dismissed with leave to amend.

**I.     Application to Proceed In Forma Pauperis**

The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

**II.     Screening Requirements**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* ' 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content

1  that allows the court to draw the reasonable inference that the defendant is liable for the
2  misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint
3  under this standard, the court must accept as true the allegations of the complaint in question,
4  *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading
5  in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v.*
6  *McKeithen*, 395 U.S. 411, 421 (1969).

**III.    Screening Order**

The operative complaint (ECF No. 12) identifies two alleged instances, September 22, 2016, and September 23, 2016, on which plaintiff was forcibly medicated at the California Medical Facility.[2] He alleges that on these days, medical technical assistants were conducting thirty minute welfare checks on him. He claims he was upset about not receiving his legal files as promised by his treatment team and covered up his cell windows to protest. Two medical technical assistants, Smith and Ortiz, allegedly entered plaintiff's cell and without asking any questions, took plaintiff to see the psychiatrist, Dr. Reddy. Smith and Ortiz allegedly influenced Dr. Reddy to forcibly medicate plaintiff, even though they knew plaintiff was only upset about not receiving his legal files. Dr. Reddy allegedly told plaintiff he was a danger to himself. Plaintiff claims he was calm and denied being suicidal. Plaintiff claims he was then forcibly medicated before anybody checked to see if he was allergic to the medication. Plaintiff does not allege that he was in fact, allergic, but does claim that the medication caused auditory hallucinations and soreness, and made him feel hot and sick. He claims that a subsequent *Keyhea* hearing was resolved in his favor.[3]

---

[2] Plaintiff has filed three complaints in this action. ECF Nos 1, 10, & 12. In screening this action, the court looks exclusively to the most recent Second Amended Complaint (ECF No. 12). *See Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that an amended pleading supersedes the original).

[3] In *Keyhea v. Rushen*, 178 Cal.App.3d 526 (1986), the court upheld a consent decree affirming the right of state prisoners to refuse psychotropic medications absent a judicial determination that a prisoner is incompetent to refuse such medication. *See id.*; *In re Qawi*, 32 Cal.4th 1, 21 (2004) (explaining that *Keyhea* procedures are now codified in Cal. Pen. Code § 2600).

3

While prisoners have a liberty interest in avoiding the "unwanted administration of antipsychotic drugs," imposing unwanted medical treatment on an inmate does not constitute a due process violation if the treatment is "reasonably related to legitimate penological interests." *Washington v. Harper*, 494 U.S. 210, 221, 223 (1990); *id.* at 225 ("Prison administrators have not only an interest in ensuring the safety of prison staffs and administrative personnel, . . . but the duty to take reasonable measures for the prisoners' own safety."). Plaintiff's claims regarding the two incidents in September of 2016 must be dismissed with leave to amend because the allegations do not show that the forced medications lacked a legitimate penological purpose, such as preventing imminent serious harm to plaintiff. Rather, one could reasonably infer that plaintiff was forcibly medicated precisely for this reason, just as Dr. Reddy explained to him. The thirty minute welfare checks suggest that medical staff was concerned about plaintiff's safety. By shielding himself from their view, that concern may have worsened, notwithstanding plaintiff's calm state and denials of being suicidal. If, however, there was no legitimate penological purpose for either instance or forced medication, or if plaintiff believes that defendants' conduct violated some other federal or constitutional right, he may so allege in an amended complaint.

Plaintiff's complaint seemingly refers to a third, undated incident, in which he "was shot up with these meds again without even covering his cell window, in the same manner and strapped to [a] device that looks like what they use for lethal injections for hours." ECF No. 12 at 6. Plaintiff does not allege why he was "shot up" and strapped to a chair for hours on this occasion. It is also unclear as to which defendants were involved. Any claim arising from these vague allegations is also dismissed for failure to state a claim upon which relief could be granted.

Plaintiff also claims that defendant supervisors Kernan and Lewis "failed to have all defendants properly trained and supervised." ECF No. 12 at 8. Supervisors are liable for constitutional violations of their subordinates if they know of the violations and fail to act to prevent them. *Taylor v. List*, 880 F.2d 1040, at 1045 (9th Cir. 1989). Here, plaintiff has not even shown that his constitutional rights were violated. Thus, there is no underlying basis for holding any defendant liable, supervisor or not. Claims against defendants Kernan and Lewis are therefore dismissed with leave to amend.

4

1 | Plaintiff also requests leave to bring various state law tort claims.  If plaintiff wishes to
2 | allege such claims in an amended complaint, he must demonstrate compliance with the California
3 | Torts Claims Act ("Act").  The Act requires that a party seeking to recover money damages from
4 | a public entity or its employees submit a claim to the entity *before* filing suit in court, generally
5 | no later than six months after the cause of action accrues.  Cal. Gov't Code §§ 905, 911.2, 945,
6 | 950.2 (emphasis added).  Timely claim presentation is not merely a procedural requirement of the
7 | Act but is an element of a plaintiff's cause of action.  *Shirk v. Vista Unified Sch. Dist.,* 42 Cal. 4th
8 | 201, 209 (2007).  Thus, when a plaintiff asserts a claim subject to the Act, he must affirmatively
9 | allege compliance with the claim presentation procedure, or circumstances excusing such
10 | compliance, in his complaint.  *Id.*

Plaintiff may choose to file an amended complaint which states a cognizable claim.  Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

/////

/////

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

**V.     Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF Nos. 7, 11) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's second amended complaint (ECF No. 12) is dismissed with leave to amend within 30 days of service of this order.
4. Failure to comply with this order may result in dismissal of this action.

DATED:  December 4, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE