UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, Jr., <br><br> Plaintiff, <br><br> v. <br><br> REDDY, et al. <br><br> Defendants. | No. 2:17-cv-1434 EFB P <br><br><br> ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The court previously dismissed plaintiff's complaint with leave to amend after finding that it failed to state a viable claim upon which relief could be granted. ECF No. 14. Plaintiff has filed a third amended complaint (ECF No. 17) which the court must screen.

I. <u>Screening Requirements</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th

1

Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

/////

/////

2

II. Screening Order

  A. Background

Plaintiff alleges that, in September of 2016 and while incarcerated at California Medical Facility, he repeatedly requested his legal files from his medical treatment team. ECF No. 17 at 3-4. Despite the team's numerous assurances that the files would be provided, plaintiff never received them. *Id.* Angered by his inability to access his files, plaintiff retaliated by covering his cell window and preventing staff from completing their welfare checks. *Id.* He also smeared left-over food on his cell window on a separate occasion for the same purpose. *Id.* at 5. After each of these retaliatory actions, staff pulled plaintiff from his cell and administered medical injections.[1] *Id.* at 4-5.

Plaintiff spoke with defendant Reddy – the authorizing physician - before these injections were administered for the first time. *Id.* at 4. He alleges that he told her that the injections were unnecessary and that he would behave himself without them. *Id.* Defendants Ortiz and Smith, both medical technical assistants, urged Reddy to authorize the injections and argued that plaintiff needed them. *Id.* Reddy ultimately authorized the injections. *Id.*

Plaintiff did not meet with Reddy the second time the shots were administered. Instead, he was simply strapped to a chair, given the injections, and left there for several hours. *Id.* at 5. Plaintiff claims that he asked an unidentified nurse for water during this time, but she declined to provide him with any. *Id.*

  B. Analysis

The Supreme Court has held that, while prisoners have a liberty interest in avoiding "unwanted administration of antipsychotic drugs," the imposition of unwanted treatment does not violate due process if it is "reasonably related to legitimate penological interests." *Washington v. Harper*, 494 U.S. 210, 221, 223 (1990). The court in *Washington* explained that:

> The State has undertaken the obligation to provide prisoners with medical treatment consistent not only with their own medical

---

[1] Plaintiff has not alleged precisely what these injections contained. He does allege that, after receiving them, he was "extremely hot, sick, hallucinative" and that he felt groggy and sore for the next three days. ECF No. 17 at 4.

3

> interests, but also with the needs of the institution. Prison administrators have not only an interest in ensuring the safety of prison staffs and administrative personnel, but the duty to take reasonable measures for the prisoners' own safety.

*Id.* at 225 (internal citations omitted). As this court found in dismissing plaintiff's previous complaint (ECF No. 14 at 4), his current allegations are insufficient to establish that the forced medications lacked legitimate penological purpose. Rather, each was administered after plaintiff purposefully prevented staff from performing welfare checks. The court notes that it is unclear from plaintiff's allegations: (1) what medical condition necessitates frequent checks upon his welfare; (2) what drugs he is being injected with; and (3) how the injected drugs relate to and affect the aforementioned medical condition. Absent allegations concerning at least the first and third factors, it is impossible to effectively weigh whether the alleged incidents served a legitimate penological purpose. Additionally, while the circumstances of the second administration – in which plaintiff was left strapped to a chair for several hours without water after being given the injections – are troubling, plaintiff has not alleged that any named defendant was personally responsible for leaving him strapped to the chair for that period of time.[2]

Consequently, the allegations fail to state a viable federal claim. Absent any viable claim arising under federal law, the court declines to exercise jurisdiction over plaintiff's state law Bane Act claims (Cal. Civ. Code § 52.1). *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.").

### III. Leave to Amend

The only remaining question is whether to grant plaintiff further leave to amend his complaint. As noted *supra*, the current complaint represents plaintiff's second attempt at stating a

/////

---

[2] Plaintiff does allege that defendants Smith and Ortiz transported him from his cell to the chair, but he does not claim that either was responsible for leaving him there for the extended period of time that followed administration of the medication.

4

potentially cognizable claim. The court will afford plaintiff a final opportunity to amend. In so doing, he should take pains to rectify the deficiencies identified in this order.

The amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

IV. Conclusion

Based on the foregoing, IT IS ORDERED that plaintiff's Third Amended Complaint (ECF No.17) is DISMISSED with leave to amend within 30 days of service of this order. Failure to comply with this order may result in dismissal of this action.

DATED: June 15, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE