1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTOPHER LIPSEY, JR.,              No.  2:17-cv-1434-KJM-EFB P

12                 Plaintiff,

13        v.                              ORDER

14   REDDY, et al.,

15                 Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief

18   under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided

19   by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20        On October 19, 2018, the magistrate judge filed findings and recommendations, which

21   were served on all parties and which contained notice to all parties that any objections to the

22   findings and recommendations were to be filed within fourteen days.  Plaintiff has filed

23   objections to the findings and recommendations.

24        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

25   court has conducted a *de novo* review of this case.  Having reviewed the file, for the reasons

26   explained below the court declines to adopt the findings and recommendations.  Instead, the

27   matter will be referred back to the assigned magistrate judge for service of the fourth amended

28   complaint consistent with the provisions of this order.

1

The claims in plaintiff's fourth amended complaint arise out of the following allegations. On or about September 22 and 23, 2016, while he was housed at California Medical Facility (CMF) in Vacaville, plaintiff made repeated requests to his medical treatment team to get him his legal files. ECF No. 23 at 3. Although he was repeatedly told he would be given the files, they were not provided. *Id*. Plaintiff got angry and covered his cell windows with paper, which "partially" obstructed the view for medical technical assistants (MTAs) conducting required welfare checks. *Id*. "Plaintiff talked to numerous medical staff members including his psychiatrist and psychologist and they didn't put him on suicide watch so there was no imminent danger to plaintiff or anyone else." *Id*. Plaintiff told defendants Senior MTA Ortiz and Senior MTA Smith that he only covered his windows because he had not received his legal files as promised. *Id*. Plaintiff then agreed to take the papers down and allow MTAs to remove all paper from his cell so he couldn't cover the windows again. *Id*. He was escorted to the dayroom while the papers were being removed. *Id*. Defendant Dr. Reddy asked plaintiff why he covered his windows and plaintiff "told her." *Id*. Defendant Reddy told Senior MTAs that plaintiff's actions were behavioral, not caused by mental health, but defendants Smith and Ortiz responded that plaintiff "needed shots" and "we don't cover windows." *Id*. Defendant Reddy ordered plaintiff to receive a mixture of drugs without considering the fact that plaintiff told her he had never received those medications before. *Id*. at 3-4. He was given three or four shots, which caused severe physical symptoms, caused either by allergic reaction, or an overdose. *Id*. at 3-4. Plaintiff claims he was involuntarily medicated as punishment for covering the windows, and that defendants acted with deliberate indifference to the possible health risks to plaintiff. *Id*. at 4.

On September 23, 2016, plaintiff again asked for his legal materials. *Id*. When they were not provided, he smeared his breakfast and lunch all over his windows. *Id*. Staff took plaintiff to another room, where he was again injected with drugs and a non-defendant nurse was assigned to watch him for seven hours. *Id*. Plaintiff asked if he could return to his cell because he felt sick, and defendants Ortiz and Smith said no. *Id*. at 4-5. Plaintiff asked for some water because he felt like his throat was swelling and it was hard to breath and defendants Ortiz and Smith refused, saying they were busy and would attend to plaintiff when it was time for him to be released. *Id*.

at 5. Plaintiff also asked to use the restroom and defendants Ortiz and Smith said he would have to wait because he was being released "soon." *Id.*

For each incident, plaintiff raises two Eighth Amendment claims and two accompanying state law claims. The claims are based on allegations of excessive force, deliberate indifference to his safety, denial of "basic necessities" and, for the state law claims, "corporal punishment." *Id.* at 5-6. He names five defendants, including defendants Reddy, Ortiz and Smith, as well Scott Kernan, former Secretary of the California Department of Corrections and Rehabilitation, and the City of Vacaville. *Id.* at 1-2.

The magistrate judge recommends dismissal of the complaint, finding it fails to state any cognizable claim for relief. The magistrate judge finds that plaintiff has failed to "establish" that the alleged involuntary medication of plaintiff was not done for a legitimate penological purpose. ECF No. 25 at 3-4. The magistrate judge also finds plaintiff disregarded directions in a prior screening order that plaintiff must "allege what medical condition necessitated his subjection to welfare checks and how the injected drugs related to those conditions" in order to permit the court to "evaluate whether a penological purpose underlay the administration of medication." *Id.* at 4.

The standards applicable to screening the operative complaint in this action are correctly set forth in the findings and recommendations. *Id.* at 2. They are, however, misapplied by the magistrate judge in his review of the allegations of the fourth amended complaint. The first set of facts in plaintiff's fourth amended complaint, if proved, could establish that plaintiff was subjected to involuntary medication as punishment for violating prison rules, and not because the medication was necessary to treat a psychiatric condition. This, if proved, would violate plaintiff's constitutional rights. "[I]nvoluntary medication is permitted only for 'inmates who are . . . gravely disabled or represent a significant danger to themselves or others,'. . . ." *United States v. Rivera-Guerrero*, 426 F.3d 1130, 1136 (9th Cir. 2005) (quoting *Washington v. Harper*, 494 U.S. 221, 226 (1990)). At the pleading stage, it is sufficient for plaintiff to allege that he was involuntarily medicated as punishment for violating prison rules and that his behavior was not caused by his mental health. Plaintiff's first cause of action states a cognizable claim for relief against defendants Ortiz, Smith and Reddy.

3

Plaintiff's second cause of action similarly states a claim for relief against defendants Ortiz, Smith and Reddy for involuntary medication, and for deliberate indifference to plaintiff's serious medical needs. Taken together, plaintiff alleges that in the first incident he was given a medication cocktail he had never been given before, which caused either a severe allergic response, or an overdose reaction. Liberally construed, plaintiff's second set of allegations includes a contention that he was knowingly given the same cocktail of drugs, which presented a known risk of harm to him. He also alleges defendants Smith and Ortiz refused to respond to requests for water and for escort to the bathroom. At this stage, plaintiff has adequately pleaded cognizable claims for relief against defendants Ortiz, Smith and Reddy.

The court agrees with the magistrate judge that plaintiff has made no allegations that implicate the City of Vacaville, and that plaintiff has not stated a cognizable claim for relief against former Secretary Kernan. *See* ECF No. 25 at 5.

While the findings and recommendations were pending before this court, plaintiff filed a motion for service on defendants, and a motion to remand this matter to state court. For the reasons explained in this order, the matter will be referred back to the magistrate judge for service of process on defendants Ortiz, Smith and Reddy. Plaintiff did not file this action in state court, so the court cannot remand the matter to that court.

In accordance with above, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 19, 2018, are adopted in limited part, as consistent with this order;

2. Defendants S. Kernan and City of Vacaville are dismissed;

3. Plaintiff's June 3, 2019 motion for service on defendants (ECF No. 28) is granted as to defendants Ortiz, Smith and Reddy;

4. Plaintiff's August 19, 2019 motion to remand (ECF No. 30) is denied; and

5. This matter is referred back to the assigned magistrate judge for service of the fourth amended complaint on defendants Ortiz, Smith and Reddy and further pretrial proceedings consistent with this order.

DATED: September 4, 2019.

UNITED STATES DISTRICT JUDGE