UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, Jr., | No. 2:17-cv-1434-KJM-EFB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| REDDY, et al. | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. After filing his fourth amended complaint – which was served on Ortiz, Smith, and Reddy - defendants moved for judgment on the pleadings as to plaintiff's California Government Claims Act, arguing that he had failed to allege compliance with the claim-presentation requirements of that act. ECF No. 42. Plaintiff then moved to allege such compliance by way of a fifth amended complaint. ECF Nos. 43 & 45. Thus, the court recommended that defendants' motion for judgment on the pleadings be denied as moot and ordered that fifth amended complaint be docketed. ECF No. 46. The court must now screen the fifth amended complaint (ECF No. 47).

<u>Screening Requirements</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question,

*Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

## Screening Order

The fifth amended complaint is, in most respects, substantively like the fourth. Plaintiff does now allege that his state government claims act claims were presented and deemed rejected after forty-five days. ECF No. 47 at 1. He has also attempted to reinsert claims against defendants Scott Kernan – Secretary of the California Department of Corrections and Rehabilitation ("CDCR") - and the City of Vacaville (ECF No. 47 at 8), whose dismissal on screening was previously adopted by the district judge. ECF No. 31. He alleges that Kernan has promulgated a policy – Cal. Code. Regs. tit. 15 § 3364.1(a)(8) – which allows involuntary medication to be given as discipline and that this policy is "obviously abused and misused." ECF No. 47 at 8. It is unclear if plaintiff is arguing that the policy at issue – now renumbered at Cal. Code. Regs. tit. 15 § 3999.345 – is unconstitutional. Regardless, his claim that it allows involuntary medication to be administered as discipline appears to be facially incorrect. The language of the code states "[i]nvoluntary [m]edication means the administration of any psychiatric medication or drug to a patient ***by*** the use of force, ***discipline***, or restraint, including administration upon a patient who lacks capacity to accept or refuse medication." Cal. Code. Regs. tit. 15 § 3999.345(a)(6) (emphasis added). Thus, discipline is a method by which involuntary medication may be administered, not a valid purpose underlying such administration. And, to the extent that the code allegedly promulgated by Kernan is abused or misused by subordinate officers of the CDCR, plaintiff has not alleged that Kernan had or should have had any knowledge of such misuse.

Plaintiff nevertheless argues that vicarious liability is permitted against Kernan by Cal. Gov't Code § 815.2. That provision provides, in part, that:

> A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.

3

Cal. Gov't Code § 815.2(a). Any claim against Kernan in his individual capacity is obviously untenable under this section insofar as he is not, individually, a "public entity." *See* Cal. Gov't Code § 811.2 ("'Public entity' includes the state, the Regents of the University of California, the Trustees of the California State University and the California State University, a county, city, district, public authority, public agency, and any other political subdivision or public corporation in the State."). And to the extent he is suing the CDCR itself, his claim fails insofar as the California law in question does not contain any provision authorizing suit in federal court – where Eleventh Amendment immunity applies. *See*, *e.g.*, *Muniz v. Pfeiffer*, No. 1:19-CV-0233-LJO-JLT, 2019 U.S. Dist. LEXIS 162486, 2019 WL 4596649, at *15 (E.D. Cal. Sept. 23, 2019) ("In Plaintiffs' brief in opposition to the motion to dismiss, they cite to various statutes, inter alia California Gov't Code §§ 815.2, 815.4, 835, in support of the argument that the state has consented to the present lawsuit and thereby waived its sovereign immunity . . . [t]hese arguments and the cited authority fail to demonstrate that the state has unequivocally waived sovereign immunity in the present case."); *Nehara v. California*, 10-cv-491-OWW-SMS, 2010 U.S. Dist. LEXIS 71789, 2010 WL 2822850, at *5 (E.D. Cal. July 16, 2010) (finding that Cal. Gov't Code § 815.2 does not constitute a waiver of sovereign immunity and noting that "[i]t is unclear how a statute allowing vicarious tort liability—in defined circumstances—amounts to a waiver of sovereign immunity for common law claims"). Suits for injunctive relief brought against the state which arise exclusively under state law are also barred by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *see also Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) ("The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies.").[1]

---

[1] The court notes that plaintiff also asserts a conclusory claim against Kernan under the Bane Act, California Civil Code § 52.1. "In relevant part, § 52.1 provides a cause of action for interference or attempted interference 'by threat, intimidation, or coercion' with the 'exercise or enjoyment' of rights under the federal Constitution." *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 799 (9th Cir. 2018). Here, plaintiff alleges that defendants, including Kernan, interfered with his access to courts by threatening violence against him if he continued to seek his legal files. ECF No. 47 at 9. But the complaint makes no explicit allegation that Kernan had any

4

Finally, with respect to the city of Vacaville, it is entirely unclear to the court how this entity was in any way responsible for the alleged violations of plaintiff's rights.  Thus, it will also recommend dismissal of this defendant.

Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that the claims against defendants Ortiz, Smith, and Reddy contained the Fifth Amended complaint shall proceed past screening and those defendants shall file a responsive pleading within the time allotted by the Federal Rules of Civil Procedure.

Further, it is HEREBY RECOMMENDED that plaintiff's claims against defendants Kernan and City of Vacaville be DISMISSED for failure to state a claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 16, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

affirmative involvement with, or knowledge of, the injection plaintiff was given.  Instead, as noted above, it alleges only that he was responsible for a policy plaintiff disagrees with.  Thus, the court concludes that no cognizable Bane Act claim may proceed against Kernan.