UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, Jr., | Case No. 2:17-cv-01434-KJM-JDP (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO COMPEL AND TO MODIFY THE AUGUST 3, 2020 SCHEDULING ORDER AND DENYING PLAINTIFF'S MOTION TO COMPEL |
| v. | |
| REDDY, *et al.*, | |
| Defendants. | ECF Nos. 58 & 71 |

Plaintiff brought this action under 42 U.S.C. § 1983, alleging that defendants Baughman, Peterson, and Percy violated his Eighth Amendment rights by forcibly administering psychiatric medication. Defendants have filed a motion to compel, arguing that plaintiff failed to respond adequately to several of their interrogatories and requests for production. They also move to modify the scheduling order to extend the deadlines for completion of discovery and for filing dispositive motions. Plaintiff has filed his own motion to compel, alleging that defendants failed to answer his second set of interrogatories and requests for production. For the reasons stated below, defendants' motion is granted and plaintiff's is denied.

**Legal Standards**

Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P.

33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("[O]bjections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable."). A responding party is typically not required to conduct extensive research to answer an interrogatory, but reasonable efforts to respond must be undertaken. *L.H. v. Schwarzenegger*, No. S-06-2042-LKK-GGH, 2007 U.S. Dist. LEXIS 73752, 2007 WL 2781132, *2 (E.D. Cal. Sept. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or if a previously provided response needs correction. Fed. R. Civ. P. 26(e)(1)(A).

**Analysis**

I.     **Defendants' Motion to Compel**

There are two interrogatories and two requests for production at issue in defendants' motion.

A.     **Interrogatory Number Three**

This interrogatory asked plaintiff to "[i]dentify, by log number and date submitted, each California Government Claim that you submitted concerning your claims against Defendants Ortez, Reddy, and Smith in the Fifth Amended Complaint (ECF No. 47)." ECF No. 58 at 23. Plaintiff objected to the interrogatory and argued that the state claims board never sent him a stamped copy of his claims. *Id.* at 23, 28. He also objected on the basis that his claims were public records and, therefore, equally available to defendants. *Id.* at 28. After defendants' motion to compel was filed, plaintiff supplemented his response and stated that his claims are unavailable and, thus, he cannot identify them. ECF No. 68 at 23.

Defendants argue that this response was inadequate because plaintiff provided no substantive information.[1] They contend, for instance, that plaintiff could at least provide the approximate dates he submitted his claims. Defendants ask that I compel plaintiff "to either provide a substantive response or a clear statement that he lacks the information necessary to do

---

[1] Defendants also contend, reasonably, that the burden of accessing plaintiff's claims via public record request is not equal because plaintiff has failed to provide them with the dates of submission and relevant log numbers.

2

so." *Id.* at 3. I will do so. Plaintiff must supplement his response and provide any substantive information he has or recollects about the log numbers and submission dates (exact or approximate) of his relevant California Government Claims against the defendants. If he cannot recall any of that information and no longer has any means of accessing it, he should explicitly state as much.

### B.     Interrogatory Number Four

This interrogatory required plaintiff to "[e]xplain in detail all efforts [he] made to pursue the California Government Claim(s) listed in response to Interrogatory No. 3, (e.g., how it was submitted (or whom it was provided to) for mailing, and any responses received or resubmissions for further review)." ECF No. 58 at 24. Plaintiff responded by stating that he gave his claims and postage to an unnamed officer. *Id.* He otherwise objected to the interrogatory by restating the objections that he previously lodged in response to interrogatory number three. *Id.* After defendants filed their motion to compel, plaintiff supplemented his response and stated that "I filled out the claim form, signed and dated it sometime near the end of 2016 and attached fee waiver with proof of indigency then submitted it to the government claim program." ECF No. 68 at 24.

Defendants argue that plaintiff's response is deficient because he has not identified the person to whom he gave the claims, stated whether he received any responses, or stated whether he resubmitted any rejected claims for further review. *Id.* at 3. I agree. Plaintiff must supplement his response and answer these questions to the best of his knowledge. If he does not have the information sought, he should say so explicitly.

### C.     Requests for Production Numbers Three and Four

Requests for production three and four ask plaintiff to produce all California Government Claims that he submitted concerning his allegations against Defendants Ortez, Reddy, and Smith. ECF No. 58 at 28. Plaintiff was also directed to produce any responses that he received to those claims. *Id.* Plaintiff again objects on the basis that the state claims board never sent him a stamped copy of his claims. *Id.* at 23, 28. He also objects on the basis that his claims were public records and, as such, are equally available to defendants. *Id.* at 28.

3

Defendants argue that plaintiff should be ordered to confirm whether any relevant materials are being withheld based on his objections. They point out that his supplemental responses to both requests state only "cannot locate at the moment," implying that might have, or might soon have, responsive documents in his possession. ECF No. 68 at 10. I order plaintiff to confirm whether he is withholding any materials based on his objections. If plaintiff believes that he has responsive documents that he has misplaced, he is reminded of his obligation to turn those materials over if he finds them.

## II.     Plaintiff's Motion to Compel

Plaintiff's motion to compel must be denied without prejudice. As an initial matter, defendants claim that they have not received his requests. ECF No. 72 at 1. And, because plaintiff has not included a complete copy of the requests with his motion, I cannot evaluate their relevancy. Plaintiff has not filed a reply addressing these issues.[2]

Pursuant to defendants' motion, I will extend the deadlines for discovery and dispositive motions. Plaintiff may resubmit his requests within the new discovery deadline and, if necessary, renew his motion to compel.

It is hereby ORDERED that:

1. Defendants' motion to compel, ECF No. 58, is GRANTED. Plaintiff must supplement his responses to Interrogatories Three and Four and Requests for Production Three and Four as directed by this order. His supplemental responses should be submitted to defendants within 30 days of this order's entry.

2. The August 3, 2020 scheduling order, ECF No. 51, is modified as follows:

   a. The deadline for completion of discovery is extended to February 11, 2022. Any motion to compel must be filed by that date. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 shall be served no later than December 17, 2021.

---

[2] Plaintiff has included some discovery requests with his motion, but they appear incomplete. The exhibit cover page states that the discovery requests encompass twenty-two pages, far more than are attached to the motion. ECF No. 71 at 3. Plaintiff also states that, for the purposes of the motion, he is submitting only "the cover page for each request and proof of service." *Id.* at 2.

4

        b. The deadline for filing dispositive motions is extended to May 13, 2022.

   3. Plaintiff's motion to compel, ECF No. 71, is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   September 29, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE