|   |   |
|---|---|
| CHRISTOPHER LIPSEY, Jr., | Case No. 2:17-cv-01434-KJM-JDP (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO PROVIDE DOCUMENTS AND TO APPOINT COUNSEL |
| v. | |
| REDDY, *et al.*, | ECF No. 80. |
| Defendants. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff has filed a notice of his intent to take defendants' deposition. ECF No. 80. In that filing, plaintiff asks that be appointed counsel and provided "his necessary legal files" to complete the depositions.[1] *Id*. at 3.

Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an

---

[1] Plaintiff is advised that to depose defendants, he must serve each defendant with a written notice that states the time and place of the deposition. Fed. R. Civ. P. 30(b). The notice that he filed with the court does not suffice to notice defendants' depositions. He is also warned that the *in forma pauperis* statute does not authorize the expenditure of public funds for deposition transcripts, court reporter fees, or witness fees. *See* 28 U.S.C. § 1915; *Lopez v. Horel*, No. C 06-4772 SI (pr), 2007 WL 2177460, *2 (N.D. Cal. July 27, 2007) ("If plaintiff wants to depose defendant on written questions, plaintiff needs to set up such a deposition, arrange for a court reporter and arrange for the attendance of the witness. It is not defendant's obligation or the court's obligation to do so."). Thus, plaintiff will be responsible for the expenses necessary to conduct all depositions.

attorney to represent plaintiff.  *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  The court may request the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.  However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances.  In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).  Having considered these factors, the court does find not that there are exceptional circumstances warranting appointment of counsel.

Plaintiff's motion is also denied as to his request for "necessary legal files."  Plaintiff neither identifies the documents that he needs nor explains who has the files he seeks.  Consequently, the court is unable to properly evaluate his request.

Accordingly, it is hereby ORDERED that plaintiff's motion to appoint counsel and for legal documents, ECF No. 80, is denied.

IT IS SO ORDERED.

Dated:   January 21, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2